# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1012

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Alan E. Kaniss, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 13, 1998

Filed: August 10, 1998

_____

Before BOWMAN, Chief Judge, HEANEY and HANSEN, Circuit Judges.

_____

BOWMAN, Chief Judge.

Alan Kaniss was convicted of conspiring to distribute over 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). He was sentenced to four and one half years in prison to be followed by five years of supervised release. During the period of his supervised release, Kaniss violated a condition of his supervision by using marijuana. The District Court[1] then revoked the supervised

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

release and sentenced Kaniss to three years in prison to be followed by two years of supervised release.  Kaniss appeals from this sentence.

First Kaniss argues that the District Court erred in sentencing him to a prison term in excess of that recommended by the United States Sentencing Commission in the Guidelines Manual.  Section 7B1.4 of the Guidelines sets out recommended sentences that are based on a defendant's criminal history and the gravity of his supervision violation.  See United States Sentencing Commission, Guidelines Manual, § 7B1.4, policy statement (Nov. 1997).  Had the District Court followed the suggestion of § 7B1.4, it would have sentenced Kaniss to between eight and fourteen months in prison.  Instead the court sentenced Kaniss to three years.  The provisions of Chapter 7 of the Guidelines Manual, however, are merely policy statements, not actual guidelines.  As such, § 7B1.4 is a nonbinding recommendation, and district courts have discretion not to follow it.  See USSG Ch.7, pts. 1 and 3(a), intro. commentary (noting difference between guidelines and policy statements); United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam).  In this case the District Court chose to impose a sentence longer than that contemplated by § 7B1.4 for three reasons: because Kaniss repeatedly violated a condition of his release by using marijuana, because Kaniss's first sentence was lenient (Kaniss's  history of drug-related crime was such that following his conviction he could have been sentenced under the guidelines to more than twenty years in prison but instead received four and one half years as a result of an agreement with the government whereby he testified against his coconspirators), and because Kaniss had failed to take advantage of substance abuse treatment programs outside of prison despite the availability of such programs.  It was proper for the District Court to consider these factors.  See 18 U.S.C. § 3553(a)(2) (1994) (in imposing sentence, district court shall consider factors including seriousness of offense, need to promote deterrence, need to promote respect for law, and need to provide correctional treatment to defendant).  We conclude that the District Court did not abuse its discretion in sentencing Kaniss to a longer prison term than that suggested by § 7B1.4.

Kaniss next contends that the sentence must be vacated because the District Court was under the misimpression that it had to sentence Kaniss to prison, when in fact the court could have required that he undergo substance abuse treatment outside of prison instead. When a defendant violates a condition of his supervised release by failing a drug test, as did Kaniss, a district court may either sentence him to prison or require out-of-prison treatment. See United States v. Pierce, 132 F.3d 1207, 1208 (8th Cir. 1997). In Pierce, we remanded for resentencing because the district court had mistakenly believed that it was required to sentence the defendant to prison. See id. at 1208-09. In this case, on the other hand, nothing in the record suggests that the District Court was unaware of the law. To the contrary, the record shows that the District Court almost certainly was aware that Kaniss could participate in a treatment program in lieu of incarceration. At sentencing, Kaniss's lawyer argued that Kaniss should receive substance abuse treatment rather than imprisonment. The District Court then discussed with Kaniss the treatment programs that had been available to him in the past. The District Court stated that Kaniss had not taken advantage of his opportunities to participate in those programs and, for that and other reasons, sentenced Kaniss to three years in prison. The District Court never said anything to suggest that it thought it was required to sentence Kaniss to prison. District courts are presumed to know the applicable law, see Walton v. Arizona, 497 U.S. 639, 653 (1990), and Kaniss has not rebutted this presumption. We will not vacate his sentence on this ground.

Finally Kaniss argues that the District Court denied him the right of allocution. The facts of what transpired at the sentencing hearing are not disputed, so whether Kaniss was afforded an opportunity for allocution is a question that we review de novo. The right of allocution is guaranteed by Federal Rule of Criminal Procedure 32(c)(3)(C), which states that "[b]efore imposing sentence, the court must . . . address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence." In the sentencing hearing the District Court stated that "I will give the government and the defendant an opportunity to argue why supervised release shall not be revoked and

what punishment should be if it is revoked." Sentencing Tr. at 3. The government's attorney and Kaniss's attorney then addressed the court. After the attorneys spoke, the District Court had Kaniss sworn in and then engaged in a dialogue with Kaniss about Kaniss's past and present opportunities for treatment of his substance abuse and mental health problems. During this conversation the court asked Kaniss questions and allowed Kaniss to respond at length. The District Court did not, however, repeat its statement that the defendant would have a chance to speak, and the court imposed the sentence with Kaniss having spoken only in response to questions from the court.

The right of allocution is not violated if the defendant knows he may speak on his behalf before the imposition of the sentence and does so. See United States v. Iversen, 90 F.3d 1340, 1346 (8th Cir. 1996). These requirements were satisfied in this case. The District Court specifically invited "the defendant" to speak about his sentence. Cf. id. at 1345 (finding right of allocution satisfied although the district court extended the invitation to speak only to "the defense.") Kaniss subsequently did speak with the District Court at length. Kaniss did not address the District Court immediately after the court stated that Kaniss would have the opportunity to do so, but the court was not required to repeat the invitation before imposing the sentence. See United States v. Washington, 44 F.3d 1271, 1277 (5th Cir.), cert. denied, 514 U.S. 1132 (1995); United States v. Franklin, 902 F.2d 501, 507 (7th Cir.), cert. denied, 498 U.S. 906 (1990). We believe it would have been preferable for the District Court to have made it even more clear that Kaniss himself was invited to make a statement. Nevertheless, the record shows that Kaniss was not denied the right of allocution.

We affirm the sentence of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.