# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1454

_____

United States of America,

        Appellee,

    v.

Shannon Shaw,

        Appellant.

Appeal from the United States
District Court for the
District of Nebraska.

[PUBLISHED]

_____

Submitted: June 5, 1999
Filed: June 29, 1999

_____

Before FAGG, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

In 1994, Shannon Shaw pleaded guilty to conspiracy to possess with intent to distribute more than one gram of LSD, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and the district court[1] sentenced him to thirty months' imprisonment and five years' supervised release. He served his prison sentence and was placed on supervised

_____

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

1

release in 1996. In January 1998, the district court held a revocation hearing at which Shaw admitted to, and the district court found by a preponderance of the evidence, multiple violations of his supervised release, including that Shaw had pleaded guilty to and received a probationary sentence for an operating-during-suspension charge, that Shaw had tested positive for drug use and had failed to appear for a urinalysis on three occasions, and that Shaw had failed to appear for mental health counseling on three occasions. Initially, the district court indicated it would continue the hearing to offer Shaw an opportunity to participate in further outpatient counseling before sentencing him on the revocation violations. When the probation officer expressed her concerns about Shaw's recent intravenous drug use and suicidal ideations, however, the district court--after allowing defense counsel to address this information--revoked the supervised release and sentenced Shaw to twenty-four months' imprisonment and three years of follow-on supervised release. Shaw appeals, challenging the district court's revocation sentence as being above the recommended revocation sentencing range set forth in Chapter 7 of the United States Sentencing Guidelines Manual. In support, Shaw offers the nature of his release violations, the court's initial willingness to allow Shaw to continue with his counseling rather than immediately revoking supervised release and imposing imprisonment, the lack of advance warning of the need to address the issues of his intravenous drug use and suicidal ideations, and the district court's failure to allow defense counsel to be heard prior to imposition of sentence.

Shaw misconstrues the nature of Chapter 7 of the United States Sentencing Guidelines Manual, which applies to supervised release violations. The Sentencing Commission has chosen to promulgate purely advisory policy statements and to forestall implementing formal, binding guidelines covering revocation of supervised release situations until judges, probation officers, and practitioners have had a chance to use and evaluate the Chapter 7 policy statements. See USSG Ch. 7, Pt. A, §§ 1, 3(a) (1997). The Guidelines Manual sets out a Revocation Table based on the grade of the defendant's supervised release violation and the criminal history category of his original conviction. See USSG § 7B1.4, p.s. We have previously held that the sentencing

ranges contained in Chapter 7 are merely advisory and thus are not binding on a sentencing court. See United States v. Kaniss, 150 F.3d 967, 968 (8th Cir. 1998); United States v. Hensley, 36 F.3d 39, 41-42 (8th Cir. 1994).

The policy statements in Chapter 7 suggested a revocation sentence of three to nine months in prison based on the seriousness of Shaw's release violations and his criminal history category. See USSG §7B1.4, p.s. (Grade C violation and Criminal History Category I). While recognizing the recommended range, the court sentenced Shaw to twenty-four months in prison based on findings that continued in-the-field supervision would not be successful, that Shaw failed to make a good faith attempt to comply with the terms and conditions of his release, that Shaw was unable to avoid antisocial or criminal activity, and on Shaw's need for long-term intensive drug treatment. (See Judgement at 8-9.) The district court stated that it had considered the factors set out in 18 U.S.C. sections 3553 and 3583 in rendering its revocation sentence.

Because Chapter 7's policy statements are not binding, a revocation sentence exceeding the suggested range is just that, a sentence. It is not an "upward departure" because there is no binding guideline from which to depart. Although at an original sentencing proceeding a court must provide reasonable notice of the grounds upon which it intends to rely as the basis for an upward departure from an otherwise correctly determined sentencing range if the grounds are different than those stated in the presentence report or the government's submissions, see United States v. McCarthy, 97 F.3d 1562, 1580 (8th Cir. 1996), cert. denied, 519 U.S. 1139, and 520 U.S. 1133 (1997), that notice requirement does not apply here because there was no "departure" in the Guidelines' sense of that term. See United States v. McClanahan, 136 F.3d 1146, 1152 (7th Cir. 1998); United States v. Pelensky, 129 F.3d 63, 70-71 (2d Cir. 1997); United States v. Burdex, 100 F.3d 882, 885 (10th Cir. 1996), cert. denied, 520 U.S. 1133 (1997); United States v. Hofierka, 83 F.3d 357, 362 (11th Cir.), modified on other grounds, 92 F.3d 1108 (11th Cir.1996), cert. denied, 519 U.S. 1071 (1997); United

3

States v. Mathena, 23 F.3d 87, 94 n.13 (5th Cir. 1994). Shaw does not dispute that the district court's revocation sentence is within the statutory maximum allowed for revocations. See 18 U.S.C. §3583(e)(3). Thus, Shaw's argument regarding lack of notice lacks merit.

We also find no merit in Shaw's contention that defense counsel was denied an opportunity to comment or be heard further, as it is belied by the record. The district court gave defense counsel an opportunity to address Shaw's intravenous drug use and mental state before it sentenced Shaw to further imprisonment. (See Sentencing Tr. at 69-71.) Cf. United States v. Harper, 946 F.2d 1373, 1374-75 (8th Cir. 1991) (remanding for resentencing where district court refused to allow defense counsel opportunity to speak on client's behalf prior to imposition of sentence), cert. denied, 503 U.S. 948 (1992).

Finally, we conclude that the district court did not abuse its discretion in imposing the twenty-four-month prison term in light of the nature of Shaw's supervised release violations, including his repeated failure to submit urine specimens, and the court's expressed desire to ensure that Shaw would receive "long-term intensive treatment for drug and alcohol abuse, and for psychiatric, psychological, mental or emotional treatment in a highly structured environment." (Sentencing Tr. at 76.) See 18 U.S.C. § 3583(g)(3) (revocation of supervised release and imprisonment are mandatory if the defendant refuses to comply with a drug testing program imposed as a condition of supervised release); § 3553(a) (factors court must consider include need to punish behavior, provide future deterrence, and provide defendant with needed correctional treatment). See also Kaniss, 150 F.3d at 968 (district court's sentence above recommended range was not abuse of discretion where district court considered statutory factors); United States v. Thornell, 128 F.3d 687, 688 (8th Cir. 1997) (reasonable for district court to base higher sentence on defendant's need for drug rehabilitation); Hensley, 36 F.3d at 41 (no abuse of discretion for similar sentence with similar release violations).

Accordingly, we affirm the judgment of the district court.

A true copy.

      Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT