# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2858

_____

United States of America,       *
                                *

           Appellee,       *

                                *   Appeal from the United States

     v.                     *   District Court for the Western

                                *   District of Missouri.

Ronald Dale Christy,        *

                                *       [UNPUBLISHED]

           Appellant.     *

_____

Submitted: April 6, 2001

Filed: April 12, 2001

_____

Before LOKEN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

In 1989, Ronald Dale Christy pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) and (g), and was sentenced to 51 months imprisonment--to run consecutively to another federal sentence--and 3 years supervised release. While Mr. Christy was serving the supervised release portion of his sentence, his probation officer filed a violation report alleging that Mr. Christy had violated several release conditions. After a hearing, the district court[1] found that he had violated his release

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

conditions, revoked supervised release, and sentenced Mr. Christy to 24 months imprisonment. He now appeals, challenging the district court's factual determinations, the length of his revocation sentence, and the district court's jurisdiction. We affirm.

Having reviewed the record and Mr. Christy's brief, we first conclude the district court's factual findings were not clearly erroneous, given Mr. Christy's concession at the revocation hearing that he violated two supervised-release conditions, and the probation officer's testimony that Mr. Christy was arrested and charged with a drug-related offense, in violation of another condition. See United States v. Bad Wound, 203 F.3d 1072, 1076 (8th Cir. 2000) (standard of review). Next, we conclude the district court did not abuse its discretion by imposing a 24-month revocation sentence. See 18 U.S.C. §§ 2113(a), 3559(a)(3), 3583(e)(3); United States v. Shaw, 180 F.3d 920, 922-23 (8th Cir. 1999) (per curiam); United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995) (standard of review). Finally, we reject as meritless Mr. Christy's jurisdictional argument, because the district court's 1989 judgment and commitment order specified that he would be subject to supervised release.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.