# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2943SD

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | On Appeal from the United |
| Appellee, | * | States District Court |
| | * | for the District of |
| v. | * | South Dakota |
| | * | |
| Daniel Anthony Provancial, | * | [Not To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 31, 2001

Filed: June 8, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
Circuit Judges.

_____

PER CURIAM.

Daniel Anthony Provancial pleaded guilty to committing voluntary manslaughter within the territorial jurisdiction of the United States, see 18 U.S.C. § 1112, and was sentenced to five years and three months of imprisonment to be followed by a three-year period of supervised release. His supervised release was revoked for alcohol and drug use, and he received a two-year jail sentence. Mr. Provancial then filed a notice of appeal. His attorney moved to withdraw and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Although given the opportunity to do so, Mr. Provancial has not filed a pro se supplemental brief.

Among the conditions of Mr. Provancial's supervised release were substance-abuse treatment and abstinence from alcohol and drugs. The District Court[1] found that, a few days before his period of release was to begin, Mr. Provancial reported to his halfway house intoxicated. He was then sent to a work-release program. While placed there, he went to a bar and drank alcohol. He later failed two drug tests and was arrested for marijuana use. He admits to two of these incidents, one involving alcohol and one involving marijuana.

In imposing Mr. Provancial's new sentence, the District Court expressly considered the factors set forth in 18 U.S.C. §§ 3553 and 3583(e). One of these factors is the sentencing range recommended in U.S.S.G. § 7B1.3, which in this case was three to nine months. The provisions of Chapter Seven are merely advisory, however. See United States v. Kaniss, 150 F.3d 967, 968 (8th Cir. 1998). Because Mr. Provancial's supervised release resulted from a Class C felony, see 18 U.S.C. § 3559(a)(3), the upper end of his sentencing range on revocation was two years, as determined by 18 U.S.C. § 3583(e). The District Court judged that the two-year maximum sentence was appropriate because Mr. Provancial had failed two drug tests while under a court order to participate in substance-abuse treatment, and, when confronted about his drug use, had told his probation officer that he didn't see a problem with what he was doing. The District Court's judgment was not an abuse of discretion.

Our independent review of the record, see Penson v. Ohio, 488 U.S. 75 (1988), reveals no non-frivolous issues for appeal. We therefore affirm the District Court's judgment and grant counsel's motion to withdraw.

---

[1]The Hon. Charles B. Kornmann, United States District Judge for the District of South Dakota.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.