# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3887

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Dennis Ray Woodward, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: August 7, 2001
Filed: August 10, 2001

_____

Before BOWMAN, RICHARD S. ARNOLD, and LOKEN, Circuit Judges.

_____

PER CURIAM.

After serving his sentence for a violation of 18 U.S.C. § 844(i), Dennis Woodward began supervised release in November 1999. Three reported violations for use of marijuana resulted in the court ordering more intense supervision. Revocation proceedings were then commenced when Woodward failed to make required restitution payments despite an apparent ability to do so. After an evidentiary hearing, the district court[1] found four violations of supervised release conditions, revoked supervised

_____

[1]The HONORABLE DEAN WHIPPLE, Chief Judge of the United States District Court for the Western District of Missouri.

release, and sentenced Woodward to twenty-four months in prison with no further supervised release. Woodward appeals his revocation sentence. Having carefully reviewed the sentencing record, we conclude that the evidence supports the district court's finding of four violations, and the court properly considered all four in deciding that revocation had become the appropriate sanction. The twenty-four-month sentence was not an upward departure because the policy statements in Chapter 7 of the Sentencing Guidelines are not binding guidelines. See United States v. Shaw, 180 F.3d 920, 922 (8th Cir. 1999).

Accordingly, we affirm. We grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.