# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2986

_____

United States of America,       \*
            \*
       Appellee,      \*
            \*   Appeal from the United States
   v.             \*   District Court for the
            \*   Eastern District of Arkansas.
Toni Carol Crabtree,      \*
            \*      [UNPUBLISHED]
       Appellant.     \*

_____

Submitted:  January 18, 2002
Filed:   January 28, 2002

_____

Before WOLLMAN, Chief Judge, HANSEN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Toni Carol Crabtree appeals the district court's[1] revocation of her supervised release and imposition of a 24-month term of imprisonment. On appeal, she argues (1) the district court abused its discretion in denying her request for a continuance, (2) the court's decision was not supported by sufficient evidence, (3) she was denied her right of allocution, (4) the court erred in "departing" from the nonbinding policy statements of Guidelines Chapter 7, (5) she intended to plead guilty and accept responsibility but counsel pleaded not guilty on her behalf against her wishes, and (6)

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

she was under duress at the revocation hearing because the court stated it would detain her if it granted a continuance, and because she suffers from battered-woman's syndrome. After careful review of the record, we affirm.

The district court did not abuse its discretion in denying Crabtree's request for a continuance after she indicated that she did not wish to be detained during any continuance. Crabtree does not show how the lack of a continuance prejudiced her, see United States v. Cotroneo, 89 F.3d 510, 514 (8th Cir.), cert. denied, 519 U.S. 1018 (1996).

Further, evidence at the hearing supports the district court's conclusion that Crabtree had violated her release conditions. The district court did not abuse its discretion in imposing a sentence above the nonbinding recommendations of Guidelines Chapter 7, see United States v. Shaw, 180 F.3d 920, 922 (8th Cir. 1999) (per curiam) and the hearing transcript shows that Crabtree received her right of allocution, see United States v. Kaniss, 150 F.3d 967, 969 (8th Cir. 1998).

We reject Crabtree's remaining arguments. She had an opportunity to admit the allegations during her testimony, and she does not show how the threat of detention, or her battered-woman's syndrome, prejudicially affected her defense.

Crabtree's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and moved to withdraw. Although we question whether Anders applies in this case, we have made a review under Penson v. Ohio, 488 U.S. 75 (1988), and we have found no non-frivolous issues for appeal. Crabtree's counsel's motion to withdraw is granted.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.