# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2850

_____

United States of America,

        Appellee,

v.

Anthony D. Murry,

        Appellant.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
District of Nebraska.

[UNPUBLISHED]

_____

Submitted: December 26, 2002
Filed: January 3, 2003

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

At a June 2002 supervised-release revocation hearing, Anthony D. Murry admitted to having violated his supervised-release conditions by committing multiple traffic infractions, failing to report to probation, changing his address without notification, repeatedly failing to submit to urinalysis, and using drugs; he did not contest an assault-and-battery allegation. The district court[1] noted that Murry appeared to be more in violation of than in compliance with his conditions of release, that he had a prior revocation, and that the relevant Sentencing Guidelines were

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

nonbinding. The court then revoked Murry's release, sentencing him to 24 months imprisonment and 24 months additional supervised release. Murry now argues the revocation sentence exceeded the Guidelines recommended range, the district court did not consider the policy statements as required, the sentence was not supported by the record, and the majority of his violations were purely technical.

We disagree. The revocation sentence was within the limits of 18 U.S.C. § 3583(e), and it was not otherwise an abuse of discretion. See United States v. Grimes, 54 F.3d 489, 492-93 (8th Cir. 1995) (standard of review). We believe the district court sufficiently considered the pertinent policy statement (which, as the court noted, was merely advisory), and properly took into account the number and seriousness of the violations as well as the previous revocation. See 18 U.S.C. §§ 3583(e) (court must consider factors in 18 U.S.C. § 3553(a)(4)), 3553(a)(4)(B) (court shall consider applicable policy statements); U.S.S.G. § 7B1.4(a), p.s. (recommending 6-12 months imprisonment); United States v. Shaw, 180 F.3d 920, 922-23 (8th Cir. 1999) (per curiam) (Chapter 7 range is nonbinding; affirming 24-month prison sentence where recommended revocation range was 3-9 months). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.