# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2578

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   District of South Dakota. |
| Myron Lee Touche, | * |
| | * |
| Defendant - Appellant. | * |

_____

Submitted:  December 10, 2002

Filed:  March 31, 2003

_____

Before WOLLMAN, JOHN R. GIBSON, and MELLOY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Myron Touche appeals his sentence of fifteen months imprisonment imposed in connection with the revocation of his supervised release. Touche had been placed on supervised release as part of a 1993 sentence that began with 120 months imprisonment. The district court[1] revoked Touche's supervised release because he violated the condition that he refrain from the possession and use of controlled substances. Touche argues that the court abused its discretion in imposing this

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

sentence because it was excessively long relative to the seriousness of his violation and because the district court based his sentence in part on the fact that Touche had not received the maximum sentence within the guideline range for his original offense of aggravated sexual abuse. We conclude that there is no merit in these contentions and affirm Touche's sentence.

I.

On August 24, 1993, Myron Touche pleaded guilty to one count of aggravated sexual abuse of a five year old girl in violation of 18 U.S.C. §§ 1153, 2241(c), and 2245(2)(A) (1988). The district court sentenced him to 120 months imprisonment, followed by three years supervised release. On April 12, 2002, Touche was released from custody after completing his sentence. Under the standard conditions of supervised release, he was required to refrain from possessing or using any controlled substances. The conditions specific to his supervised release also forbade him from consuming any alcoholic beverages. On April 16, 2002, Touche met with his probation officer to review the conditions of his release and was required to submit to a drug test. Four days after his release from prison, he tested positive for marijuana. Two days later, on April 18, when the probation officer again visited Touche at his home, Touche admitted that he was intoxicated. On April 22, 2002, the probation officer filed a petition to revoke supervised release that alleged that Touche possessed and used marijuana and consumed alcohol in violation of the conditions to his supervised release. Touche agreed to admit to the marijuana violation, and in exchange the government agreed to dismiss his alcohol violation. On April 26, 2002, Touche admitted to the magistrate judge that he possessed and used marijuana, and the judge recommended that Touche's supervised release be revoked.

On June 3, 2002, the district court adopted the recommendation of the magistrate judge and revoked Touche's supervised release. The court observed that

Touche had violated an important condition of his release within four days of his departure from prison. In addition, the court commented on the seriousness of Touche's original offense and the leniency shown him by the judge who sentenced him in 1993:

> My policy is. . . that any of these people out there sexually abusing children, especially someone of this young age. . . they're going to get the longest sentence I can possibly give them under the law. . . He was sentenced to 120 months of custody when the guideline range was 135 months, and certainly I would have given him 15 months more had I been sentencing him at that time.

The court then stated that the sentencing range suggested by § 7B1.4 of the Sentencing Guidelines for Touche's violation was four to ten months, but noted that the Guidelines were not binding with respect to sentences imposed in connection with the revocation of supervised release. Instead, the court sentenced Touche to fifteen months in prison, to be followed by thirty months of supervised release. He also ordered Touche to be placed in a halfway house upon his release from prison. Touche filed this appeal.

II.

Under 18 U.S.C. § 3583(g) (2000), the district court was required to sentence Touche to a term of imprisonment since he admitted he possessed a controlled substance in violation of a standard condition of his supervised release. Since Touche's supervised release was originally imposed in connection with his conviction for aggravated sexual abuse, a Class A felony, the district court was permitted under 18 U.S.C. § 3583(e)(3) (2000) to sentence Touche to a maximum of five additional years in prison. We review a sentence imposed for the revocation of supervised release that is below this statutory maximum for abuse of discretion. United States v. Holmes, 283 F.3d 966, 968 (8th Cir. 2002).

We conclude that the district court did not abuse its discretion by imposing a fifteen month sentence for Touche's supervised release violation. Touche points out that his sentence exceeded the range suggested in § 7B1.4 of the sentencing guidelines by five months. Chapter 7 of the Sentencing Guidelines sets forth policy statements, not actual guidelines, and as we have previously noted, these statements are only non-binding recommendations to a court imposing a sentence for a supervised released violation. See, e.g., United States v. Kaniss, 150 F.3d 967, 968 (8th Cir. 1998). The sentencing court has the discretion to impose a sentence greater than that suggested by the policy statements, since "[t]he court's sentencing is ultimately governed by statute rather than the policy statements." Holmes, 283 F.3d at 968. In calculating its sentence, the district court must consider the factors set forth in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense, the need to promote deterrence, the need to promote respect for the law, and the need to provide correctional treatment for the defendant. See United States v. Shaw, 180 F.3d 920, 923 (8th Cir. 1999).

In this case, the district court stated that it determined Touche's sentence after considering the factors set forth in 18 U.S.C. § 3553(a). The court observed that Touche had violated an important condition of his release when he tested positive for marijuana use only four days after leaving prison. It also noted that two days after this first visit, the parole officer found Touche intoxicated, which violated yet another condition of his release. The record shows that the court decided to impose a fifteen month sentence after considering the fact that Touche committed these violations immediately after his release from custody. Touche argues that this sentence was disproportionate to the seriousness of his violation because the government's petition was based on one isolated incident of drug use. He contends that other cases where a sentence was imposed in excess of the range suggested by § 7B1.4 can be distinguished because they involved multiple violations of the conditions of release. See, e.g., Holmes, 283 F.3d at 968-69. We reject this argument. First, Touche's sentence was only five months longer than suggested by

-4-

§ 7B1.4. More importantly, although Touche's violations were limited in number, they began within days of his release from custody. The court's decision to impose an increased sentence on the basis of this behavior takes into account the need to provide deterrence and promote respect for the law, factors set forth in § 3553(a). Therefore, we conclude that the district court did not abuse its discretion.

Touche also argues that the district court abused its discretion because it impermissibly based Touche's fifteen month sentence on its opinion that Touche was not sufficiently punished for the sexual abuse of a five year-old girl. At the dispositional hearing, the district court commented that he found Touche's offense to be particularly egregious and that his policy was to give defendants found guilty of such crimes the longest sentence possible under the law. The court also observed that Touche's original sentence for this crime was fifteen months less than the maximum sentence within the Guideline range, and that he would have given Touche an additional fifteen months had he sentenced Touche for this crime. As Touche acknowledges, we have previously held that under § 3553(a) the district court may consider any leniency shown towards the defendant at his original sentencing when imposing a sentence in connection with the revocation of supervised release. See Kaniss, 150 F.3d at 968. In Kaniss, the district court imposed a sentence upon revocation of supervised release that was longer than the recommendation of § 7B1.4, relying partly on the fact that the defendant had originally been sentenced for only four and one-half years when he could have received a sentence of at least twenty years. Id. We held that the court did not abuse its discretion by taking into account this earlier leniency. Touche argues that his situation is distinguishable because his original sentence of 120 months was only fifteen months less than the maximum he could have received. We are not persuaded by this argument. The fact that Touche's original sentence was less lenient than the defendant's in Kaniss does not make this factor irrelevant in determining a sentence that accommodates § 3553(a)'s goals of promoting deterrence and respect for the law. Moreover, although Touche argues that he benefitted from leniency at his original sentencing much less than the defendant

in <u>Kaniss</u>, the district court's sentence for Touche's supervised release violation exceeded the suggested range by only five months, whereas the court in <u>Kaniss</u> exceeded the guideline range by a greater margin. <u>Kaniss</u>, 150 F.3d at 968 (two years longer than the range suggested by § 7B1.4). We conclude that the district court did not abuse its discretion when it took the length of Touche's original sentence into account in calculating the sentence for his violation of the conditions of his supervised release.

We affirm the sentence imposed by the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.