# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-4003

_____

United States of America,

    Appellee,

  v.

Ericka Jeannine Kinder,

    Appellant.

\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: August 6, 2004
Filed: August 11, 2004

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

While Ericka Jeannine Kinder was serving a 5-year term of supervised release, she admitted to violating a number of conditions of her supervision, and the district court[1] sentenced her upon revocation to 18 months imprisonment to be followed by 24 months supervised release. Kinder appeals, arguing that the imprisonment portion of her revocation sentence represents an improper upward departure, that additional supervised release was not authorized, and that one of the special release conditions was an improper delegation of the district court's authority to the probation officer.

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

We reject each of these arguments, and find no abuse of discretion. See United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995) (sentence within limits of 18 U.S.C. § 3583(e) will not be disturbed absent abuse of discretion).

Specifically, the policy statements found in Chapter 7 of the Sentencing Guidelines, which recommend an imprisonment range of 5-11 months upon revocation in Kinder's circumstances, are only advisory; and the 18-month prison term was therefore not an upward departure. See United States v. Shaw, 180 F.3d 920, 922 (8th Cir. 1999) (per curiam). In addition, the prison term was within statutory limits, and was supported by the district court's expressed desire to ensure intensive mental health treatment at a Bureau of Prisons facility. See 18 U.S.C. § 3583(e)(3); 18 U.S.C. § 3553(a). The additional supervised release was also well within statutory limits. See 18 U.S.C. § 3583(h); § 3583(b)(1). Finally, were we to consider the imposition of the aforementioned special condition, see United States v. Kress, 58 F.3d 370, 373 (8th Cir. 1995) (where party could have raised issue in prior appeal but did not, court later hearing same case need not consider matter), we would not find it improper under the circumstances here.

Accordingly, we affirm.

We also grant defense counsel's motion to withdraw. Counsel is reminded of the obligations under Part V of this Court's Amended Criminal Justice Act Plan. Specifically, counsel is to advise the defendant of the right to file a petition for writ of certiorari in the Supreme Court of the United States, and to inform the defendant as to the merits and likelihood of success in the filing of such a petition. If counsel determines there are meritorious issues, defense counsel shall assist the defendant in filing a petition for writ of certiorari. If counsel determines there are no meritorious issues warranting the filing of a petition for writ of certiorari, counsel shall advise the defendant of the procedures for filing a petition pro se, and the time limits for the

filing of such a petition.  Counsel shall file a certification with the clerk within 30 days certifying that he has complied with his obligations under Part V.

_____