# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2959

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa |
| Jerry Gary, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 3, 2004
Filed: August 18, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Jerry Gary appeals from the final judgment entered in the District Court[1] for the Northern District of Iowa upon revocation of his supervised release. The district court sentenced Gary to 24 months imprisonment and 1 year supervised release. For reversal, Gary argues that the district court abused its discretion in sentencing him above the suggested Guidelines range so that he could complete the Bureau of Prisons

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

(BOP) drug-treatment program and that the district court improperly delegated its authority to the BOP to decide whether Gary will be provided drug treatment in prison. For the reasons discussed below, we affirm the judgment of the district court.

Upon careful review, we reject Gary's arguments. The length of his sentence was not an abuse of discretion, because the policy statements in Chapter 7 of the Guidelines are not binding on the district court, see United States v. Touche, 323 F.3d 1105, 1107 (8th Cir. 2003), and the court based its decision upon relevant sentencing factors, see 18 U.S.C. § 3553(a). Cf. United States v. Shaw, 180 F.3d 920, 923 (8th Cir. 1999) (per curiam) (revocation sentence of 24 months imprisonment and 3 years supervised release, which exceeded suggested Guidelines range, was not abuse of discretion where defendant repeatedly violated terms of supervision, and court desired that defendant receive long-term intensive treatment for drug and alcohol abuse and mental health treatment in highly structured environment). The district court did not improperly delegate its authority because the BOP has sole authority to determine which prisoners will participate in the drug-treatment program. See United States v. Jackson, 70 F.3d 874, 877-78 (6th Cir. 1995).

Accordingly, we affirm.
_____