# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 04-3917

————————

United States of America,

        Appellee,

v.

Desmond A.E. Jackson,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*     [UNPUBLISHED]
\*

————————

Submitted: September 23, 2005
Filed: October 12, 2005

————————

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

————————

PER CURIAM.

Desmond Jackson pleaded guilty to conspiring to commit interstate transportation and sale of a stolen vehicle, a Class D felony, and was sentenced to 12 months and 1 day in prison and 3 years supervised release. *See* 18 U.S.C. §§ 371, 3559(a)(4). While Jackson was serving his supervised release, he admitted violating several of his release conditions. The district court[1] revoked supervised release and imposed a revocation sentence of 16 months imprisonment without further supervised release. The court recognized the Guidelines Chapter 7 recommended revocation

———————————

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

range of 4-10 months imprisonment, but commented on the need to impose a greater sentence in order to deter further criminal conduct given Jackson's personal circumstances, criminal history and numerous violations, and in order to protect the public. Jackson appeals this sentence, complaining that it is above the recommended Guidelines revocation range.

We reject this argument. The Chapter 7 Guidelines range is nonbinding, the prison term is within authorized limits, and the district court considered appropriate factors in imposing the revocation sentence. *See* 18 U.S.C. § 3583(e)(3) (authorizing up to 2 years imprisonment upon revocation of supervised release where original offense was Class D felony); *United States v. Touche*, 323 F.3d 1105, 1107 (8th Cir. 2003). We conclude that Jackson's sentence is not unreasonable. *See United States v. Tyson,* 413 F.3d 824, 825-26 (8th Cir. 2005) (per curiam) (standard of review).[2]

Accordingly, we affirm, and we also grant counsel's motion to withdraw.

_____

[2]To the extent Jackson intended to raise an ineffective-assistance-of-counsel claim in his pro se brief, his claim is not properly before us. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003).