**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4173**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ISRAEL GREEN, JR., a/k/a Isreal Green, Jr.,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, Chief District Judge.  (2:02-cr-00398-DCN-1)

_____

Submitted:  May 28, 2008        Decided:  July 14, 2008

_____

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ann Briks Walsh, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Kevin F. McDonald, Acting United States Attorney, Peter T. Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Israel Green, Jr., appeals his twenty-four month sentence imposed after the district court terminated his supervised release after several violations. Green's sentence was twelve months higher than what was recommended by the Sentencing Guidelines based on the violations and his criminal history category. He argues the district court denied him due process because it imposed the higher sentence without giving him notice. He also claims the sentence was unreasonable. We affirm.

Green did not object to the sentence and thus any review is for plain error. Under the plain error standard, Green must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). We find no error with the court's decision to sentence Green more than what was recommended by the Guidelines without giving him notice. See United States v. Shaw, 180 F.3d 920 (8th Cir. 1999); United States v. McClanahan, 136 F.3d 1146 (7th Cir. 1998). The Supreme Court in Gall v. United States, 128 S. Ct. 586 (2007), did not impose this new sentencing requirement.

Appellate review of a district court's imposition of a sentence is for abuse of discretion. Gall, 128 S. Ct. at 597; see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We must first ensure that the district court committed no

procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guideline range." Gall, 128 S. Ct. at 597.

If there are no procedural errors, we then consider the substantive reasonableness of the sentence. Id. at 597. "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Pauley, 511 F.3d at 473 (internal quotation marks omitted). While the court may presume a sentence within the Guidelines range to be reasonable, it may not presume a sentence outside the range to be unreasonable. Gall, 128 S. Ct. at 597. Moreover, it must give due deference to the district court's decision that the § 3553(a) factors justify imposing a variant sentence and to its determination regarding the extent of any variance. Even if the reviewing court would have reached a different sentencing result on its own, this fact alone is insufficient to justify reversal of the district court. Pauley, 511 F.3d at 473-74.

Because we find Green's notice argument to be without merit, we find no procedural error at sentencing. We further find the district court sufficiently explained its reasoning for giving

a sentence higher than what was recommended under the Guidelines. We find no abuse of discretion.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED