# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-3004

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Brendon Evan Hole,

*Defendant - Appellant.*

————————

Appeal from United States District Court
for the District of Minnesota

————————

Submitted: June 14, 2019
Filed: August 16, 2019
[Unpublished]

————————

Before COLLOTON, KELLY, and ERICKSON, Circuit Judges.

————————

PER CURIAM.

This appeal concerns a sentence imposed after revocation of supervised release. In 2012, Brendon Hole pleaded guilty in the Eastern District of North Carolina to two counts of unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. § 922(g)(1). He was sentenced to 70 months' imprisonment and three years of supervised release. Hole's term of supervised release began in June 2017. Four

months later, the court in North Carolina transferred jurisdiction over Hole to the district court in Minnesota. *See* 18 U.S.C. § 3605.

Hole soon violated two conditions of his supervised release. Between October and December of 2017, he tested positive for methamphetamine seven times. He also associated with convicted felons without permission. In light of these violations, the district court[1] modified the terms of Hole's supervision by ordering that he reside in a residential reentry center for 120 days and follow the rules of the facility.

Hole tested positive for methamphetamine thrice more in December 2017. When he reported to the residential reentry center, he admitted to having used marijuana and methamphetamine the previous day. Within three weeks, the reentry center terminated Hole's stay for violating the facility's rules. Based on these new violations, the district court revoked Hole's supervision and sentenced him to four months' imprisonment, followed by a term of supervised release to last until the original expiration date in June 2020.

When Hole's new term of supervision began in April 2018, he returned to the same residential reentry center. A month later, on May 23, staff searched Hole's backpack and found a vial that contained methamphetamine. The reentry center again decided to terminate Hole's residency. Before he was discharged, however, Hole absconded from the facility. When he was apprehended several days later, Hole admitted that he had recently used marijuana, and a drug test showed that he had used methamphetamine too.

At a revocation hearing, the court found that Hole committed three violations of supervised release: possessing methamphetamine on May 23, absconding from the

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

residential reentry center on that date, and using marijuana and methamphetamine while a fugitive. The court revoked Hole's supervision and sentenced him to 20 months' imprisonment, with no supervised release to follow, as Hole had demonstrated that he was "not amenable to supervision."

Hole appeals and argues that the sentence is unreasonable. We review the substantive reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that governs review of initial sentencing proceedings. *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008); *see Gall v. United States*, 552 U.S. 38, 51 (2007).

Hole contends that because of his drug addiction and mental health problems, the district court should have ordered him to participate in a treatment program rather than to serve a term of incarceration. Under 18 U.S.C. § 3583, the statute governing supervised release, "the court *shall* revoke the term of supervised release and require the defendant to serve a term of imprisonment" if the defendant unlawfully possesses a controlled substance. 18 U.S.C. § 3583(g)(1) (emphasis added). As noted, the court found that Hole had unlawfully possessed methamphetamine in his backpack at the reentry center on May 23.

Hole, however, invokes an exception to the mandatory imprisonment rule of § 3583(g)(1). He points to the directive of 18 U.S.C. § 3583(d) that "[t]he court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." Under this provision, when a defendant's sole violation of supervised release is a failed drug test, the district court must consider whether treatment should be imposed as an alternative to imprisonment. *See United States v. Kaniss*, 150 F.3d 967, 968-69 (8th Cir. 1998); *United States v. Pierce*, 132 F.3d 1207, 1208 (8th Cir.

1997).  Hole complains that "the district court's statements at sentencing do not clearly demonstrate the court's appreciation of a drug-treatment alternative to incarceration."

Assuming for the sake of analysis that § 3583(d) applies where a defendant not only failed a drug test, but also possessed methamphetamine in a backpack, *see United States v. Brooker*, 858 F.3d 983, 986 (5th Cir. 2017), we are satisfied that the court adequately considered Hole's request for substance-abuse treatment as an alternative to imprisonment.  The court acknowledged Hole's "strong addiction to drugs," but concluded that Hole was not "serious about doing the hard work that is necessary to overcome an addiction," and found that he had demonstrated a "lack of commitment to rehabilitating himself."  The court also cited Hole's serious criminal record, his habit of lying, and the need for deterrence and protection of the public as factors that favored imprisonment.  On this record, we conclude that the district court sufficiently considered the treatment alternative.  *See Kaniss*, 150 F.3d at 968-69.

We also conclude that the court did not abuse its discretion by imposing a 20-month term of imprisonment.  At Hole's previous revocation hearing, the court varied downward from the guideline range to a sentence of four months' imprisonment, with the expectation that Hole would participate in treatment after his release.  Yet within a month of his release, Hole committed the violations that resulted in the latest revocation.  At least one of these violations—absconding from the residential reentry center—was not drug-related, and Hole was twice terminated from the residential reentry center within a month of arriving.  These circumstances support the court's finding that Hole was neither committed to receiving treatment for his addiction nor amenable to supervision.  Hole's serious criminal record and history of deception also supported incarceration as a means to protect the public and serve the goal of general

deterrence.  The court thus reasonably concluded that imprisonment was the better sentencing alternative, and that a 20-month term was appropriate.

The judgment of the district court is affirmed.

_____