# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3454
_____

United States of America

*Plaintiff - Appellee*

v.

Sonia Campos

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: May 8, 2023
Filed: June 1, 2023
[Unpublished]
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Sonia Campos's supervised release was revoked after she tested positive for methamphetamine six times. She appeals both the revocation of her supervised release and the substantive reasonableness of her resulting sentence. We affirm.

We review the district court's[1] decision to revoke Campos's supervised release and the reasonableness of her resulting sentence for an abuse of discretion. United States v. Miller, 557 F.3d 910, 914–16 (8th Cir. 2009). We may presume that Campos's within-Guidelines sentence is reasonable. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Campos argues that the district court should have given her another chance at drug treatment and imposed a term of home confinement instead of revoking her supervised release. She acknowledges that 18 U.S.C. § 3583(g)(4) requires a person's supervised release to be revoked when they have had more than three positive drug tests within one year. Nonetheless, she argues that the district court should have considered whether the availability of substance abuse treatment warrants an exception to § 3583(g)(4)'s mandatory revocation. See 18 U.S.C. § 3583(d).

The district court determined that home confinement with drug treatment would not be appropriate for Campos. It explained that Campos was given several chances, as well as opportunities for drug treatment, but continued to test positive for meth. In terms of home confinement, the district court felt that Campos would be willing to do anything for drugs, and that GPS tracking would not prevent others from bringing drugs into her home. The record demonstrates that the district court was aware that there were alternatives to prison for Campos and did not abuse its discretion. See United States v. Kaniss, 150 F.3d 967, 969 (8th Cir. 1998).

In the same vein, Campos argues that her eight-month prison sentence is substantively unreasonable because the district court should have sentenced her to home confinement so she could participate in drug treatment with the support of her family. See United States v. Jones, 507 F.3d 657, 659 (8th Cir. 2007) ("A district court abuses its discretion by . . . committing a clear error of judgment in weighing

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

the relevant factors by arriving at a sentence outside the range of choice dictated by the facts of the case."). But the record demonstrates that the district court considered this and determined that incarceration was the best option for preventing Campos from getting drugs. Last, Campos argues her two year and four-month term of supervised release is substantively unreasonable. We disagree. Campos tested positive for meth six times within ten months of beginning a four-year term of supervised release. In light of this history, it was reasonable for the district court to sentence her to over two years of supervised release.

The district court did not abuse its discretion, and we affirm.

_____