# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-3514

_____

United States of America,

*Plaintiff - Appellee,*

v.

George Lynn Perry, Jr.,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Central

_____

Submitted: June 10, 2024
Filed: August 14, 2024
[Unpublished]

_____

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.

_____

PER CURIAM.

George Perry committed thirteen violations of the conditions of his supervised release. The district court[*] revoked his term of supervised release and sentenced him within the advisory guideline range to fourteen months' imprisonment. Perry appeals and argues that his counsel was ineffective at the revocation hearing and that the district court impermissibly considered its prior leniency when selecting a sentence. We affirm.

In April 2014, Perry pleaded guilty to conspiring to distribute methamphetamine after having been convicted of a felony drug offense. As a result of a downward departure at sentencing and a post-sentencing modification under 18 U.S.C. § 3582(c)(2), Perry's ultimate sentence was 120 months' imprisonment.

In September 2022, Perry was released from prison and began a term of supervised release. Fourteen months later, the district court found that he committed thirteen violations of the conditions on his release: four occasions of failing to participate in substance-abuse testing; four occasions of using controlled substances as determined by positive results on a sweat patch; two occasions of using controlled substances as determined by positive results from urinalysis; two occasions of failing to answer inquiries truthfully; and one occasion of interacting with a convicted felon. The court calculated an advisory guideline range of 8 to 14 months' imprisonment, and sentenced Perry at the top of the range. When explaining Perry's sentence, the court referred to earlier leniency in sentencing, by which Perry "avoided 10 years in prison" despite "a very serious and lengthy criminal history."

_____

[*]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

-2-

Perry argues that the district court abused its discretion by considering prior leniency and imposing an unreasonable sentence. Perry did not object at sentencing, and there was no plain error or abuse of discretion. *See United States v. Kouangvan*, 844 F.3d 996, 999-1000 (8th Cir. 2017). Prior leniency is a factor that a district court may consider; it is relevant at a minimum to affording adequate deterrence. *See United States v. Touche*, 323 F.3d 1105, 1108 (8th Cir. 2003); *United States v. Kaniss*, 150 F.3d 967, 968 (8th Cir. 1998). The court here also cited Perry's repeated lying to court officers and the inadequacy of his criminal history category under the sentencing guidelines. *See* 18 U.S.C. §§ 3553(a)(1), 3583(e). There was no reversible error at sentencing.

Perry also contends that his counsel was ineffective during the revocation proceedings. This contention is premature and should be raised, if at all, in a collateral proceeding under 28 U.S.C. § 2255. A factual record on counsel's performance has not been developed, and counsel has had no opportunity to explain his tactics and strategy. Under those circumstances, the claims should be deferred to a separate proceeding where a district court may receive evidence and evaluate the claim in the first instance. *See United States v. Smart*, 60 F.4th 1084, 1097 (8th Cir. 2023); *United States v. Sanchez-Gonzalez*, 643 F.3d 626, 628-29 (8th Cir. 2011). Perry's relatively short term of imprisonment is not a basis to bypass the usual process; he need not wait for the completion of a direct appeal to commence a collateral attack based on alleged ineffective assistance. *See United States v. Sutherland*, 103 F.4th 200, 212 n.6 (4th Cir. 2024); *United States v. Prows*, 448 F.3d 1223, 1228-29 (10th Cir. 2006).

The judgment of the district court is affirmed.

_____