# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3115

_____

United States of America,         *
                                       *

          Appellee,          *
                                         *    Appeal from the United States

v.                            *    District Court for the
                                         *    District of Minnesota.

Carlton Bernard Brown,        *

                                         *    [PUBLISHED]

          Appellant.        *

_____

Submitted:    December 7, 1999
Filed:      December 23, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Carlton Bernard Brown admitted violating the conditions of his supervised release, and the district court[1] revoked it and sentenced Brown to 18 months imprisonment. On appeal, Brown argues that the court was unaware of its discretion to impose a sentence shorter than the 18-to-24-month prison term recommended by U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (1998), and that U.S. Sentencing Guidelines Manual § 7B1.3(f), p.s. (1998)--recommending that the revocation sentence

_____

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

be served consecutively to any prison term imposed for the conduct forming the basis of the revocation--is invalid because it conflicts with federal statutes such as 28 U.S.C. §§ 991(b)(1)(B) and 994(f), which require the Sentencing Commission to avoid unwarranted sentencing disparities.

As to Brown's first argument, we note that the policy statements in Chapter 7 of the U.S. Sentencing Guidelines Manual regarding supervised release violations are advisory, rather than binding, on the district court.  See United States v. Shaw, 180 F.3d 920, 922 (8th Cir. 1999) (per curiam).  Because we find no evidence in the record suggesting that the court was unaware that it was not bound by the policy statement's recommended range of imprisonment, and because Brown stressed to the court the non-binding nature of the policy statements, we conclude that the court was aware of its discretion to deviate from them.  See United States v. Otto, 176 F.3d 416, 418 (8th Cir. 1999) (court is presumed to know and apply the law).

Because Brown's second argument was not presented below, we are limited to reviewing for plain error.  See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc).  To warrant reversal under this standard of review, an error must be "clear under current law" and must have "affected [the defendant's] substantial rights." See id.  Brown has not directed our attention to any caselaw invalidating section 7B1.3(f) on the grounds he asserts, and we are aware of none.  Moreover, any invalidity in section 7B1.3(f) would not have affected Brown's substantial rights because the section is merely advisory, and the district court was free to disregard it. For these reasons, we conclude that the court did not plainly err.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.