# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3543

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Steve J. Brown, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 6, 2000
Filed: February 11, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

After Steve Brown admitted to violating the conditions of his supervised release, the district court[1] revoked his supervised release and sentenced Brown to 24 months imprisonment. On appeal, Brown contends that the 1994 amendment to 18 U.S.C. § 3553(a)(4)(B) rendered the policy statements in Chapter 7 of the U.S. Sentencing Guidelines Manual regarding supervised release violations binding, rather than advisory, and, therefore, that the court erred by sentencing him above the range

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

suggested by § 7B1.4(a). He also argues that the court abused its discretion by imposing a sentence above the 7-13 month revocation imprisonment range contained in U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (1998).

Brown first argues that the policy statements in Chapter 7 of the Guidelines are made binding by § 3553(a)(4)(B), as amended, which provides that the district court "shall consider . . . the applicable guidelines or policy statements issued by the Sentencing Commission" when imposing a sentence upon revocation of supervised release. Because he did not present this argument below, we are limited to reviewing for plain error. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc), cert. denied, 519 U.S. 938 (1996). To warrant reversal under this standard of review, an error must be "clear under current law." Id. at 192. Brown has not directed our attention to any case law holding that the amendment to § 3553(a)(4)(B) rendered the Chapter 7 policy statements, which the Sentencing Commission itself says are advisory only, binding. Instead, he candidly acknowledges that this argument has been rejected by the circuits which have considered it. Moreover, this circuit has consistently held that the policy statements in Chapter 7 of the Guidelines regarding supervised release violations are advisory to, rather than binding on, the district court. See United States v. Shaw, 180 F.3d 920, 922 (8th Cir. 1999); United States v. Carlton Bernard Brown, Slip Op. No. 99-3115 (8th Cir. Dec. 23, 1999). Finally, as a textual matter, the statute itself does not clearly say that the Chapter 7 policy statements are to be binding on a district court. The mandatory "shall impose . . . within the range . . . in subsection (a)(4)" language in § 3553(b) refers only to guidelines, and makes no mention of those policy statements which the Sentencing Commission itself considers non-binding. For these reasons, we conclude that the district court did not commit any error, much less plain error, by treating § 7B1.4(a) as advisory and sentencing Brown above the suggested range.

We also conclude that the district court did not abuse its discretion by sentencing Brown to 24 months imprisonment. See United States v. Grimes, 54 F.3d 489, 492

(8th Cir. 1995) ("A sentence imposed within the limits of §3583(e) will not be disturbed 'absent an abuse of discretion.'"). At the revocation hearing, the court discussed the seriousness of Brown's criminal history and the frequency of his violations of supervised release. The court also inquired of Brown whether he would be helped by additional treatment, and Brown responded that he had already been through the intensive substance abuse program offered by the Bureau of Prisons and did not need further treatment. These discussions demonstrate the court's consideration of the relevant statutory factors, and show that the sentence imposed was a carefully considered exercise of discretion. See 18 U.S.C. § 3553(a)(1) and (a)(2)(B-D) (court shall consider defendant's history and characteristics, need to deter defendant from criminal conduct, need to protect public from further crimes by defendant, and need to provide defendant with medical care or correctional treatment) (made applicable to supervised release by 18 U.S.C. § 3583(e)); Grimes, 54 F.3d at 492-93 (no abuse of discretion where district court considered number and nature of defendant's violations of supervised release in selecting revocation sentence). We further note that the imposed 24-month term of imprisonment, plus the 13 months Brown has already served for violating the terms of his supervised release on his first revocation, a total of 37 months, does not exceed the 60-month maximum authorized term of imprisonment for revocation of supervised release pursuant to 18 U.S.C. § 3583(e)(3) for a Class A underlying felony offense, see United States v. Brings Plenty, 188 F.3d 1051, 1053 (8th Cir. 1999), nor does the 24-month term of imprisonment, when combined with the 13 months already served, exceed the 48-month term of supervised release to which he was originally sentenced, thereby complying with United States v. St. John, 92 F.3d 761, 766 (8th Cir. 1996).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.