# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3297

_____

United States of America,                     *
                                              *
        Plaintiff-Appellee,          *
                                              *   Appeal from the United States
    v.                                   *   District Court for the
                                              *   District of Nebraska.
Rodney Sherman,                               *
                                              *   [UNPUBLISHED]
        Defendant-Appellant.         *

_____

Submitted:  February 13, 2001

Filed:  April 11, 2001

_____

Before RICHARD S. ARNOLD, LAY, and HANSEN, Circuit Judges.

_____

PER CURIAM.


Rodney Sherman was charged in a two-count indictment with conspiring to distribute methamphetamine and possession of methamphetamine with intent to distribute.  Sherman entered into a plea agreement whereby he agreed to plead guilty to the conspiracy charge and cooperate with the Government in exchange for the Government dropping his possession charge.

The judge thoroughly questioned Sherman regarding whether his plea was voluntary and not the result of any threats or promises. Sherman replied that he was entering his plea knowingly and voluntarily. Sherman's plea was accepted by the district court.[1]

Sherman then filed a motion for downward departure from the United States Sentencing Guidelines based on mitigating circumstances. The district court denied Sherman's motion for departure. At the sentencing hearing, Sherman's attorney again requested the court to consider Sherman's motion for departure. The court stated that although it recognized it had the ability to depart, it was choosing not to do so. Sherman was then sentenced to 210 months imprisonment. Sherman now appeals his sentence.

Sherman initially asserts that his guilty plea was not voluntary. Whether a plea of guilty is made knowingly and voluntarily is a mixed question of fact and law that is reviewed de novo. See United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998).

Sherman believes the Government tried to use coercion and duress to induce him to plead guilty to the conspiracy charge. According to Sherman, the Government took a long time to build its case against him in an effort to make him believe that he could be facing a substantial jail sentence if he did not plead guilty.

Upon review of the record, we find Sherman's plea was made knowingly, voluntarily, and intelligently entered. The court specifically asked Sherman if his plea was the result of any threat or promise, to which Sherman responded in the negative. Accordingly, we find no error in the court's decision to accept Sherman's plea.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, presiding.

The next issue raised by Sherman is whether the district court erred in denying Sherman's downward departure motion. A district court has discretion to depart downward from a sentencing guidelines range if the court finds that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). However, we cannot review a sentencing court's refusal to depart downward; we only review a claim that the sentencing court believed it lacked the authority to depart. See United States v. Evidente, 894 F.2d 1000, 1004-05 (1990).

Sherman believes the remarkable progress he has made in rehabilitation since committing his offense presents a mitigating circumstance. While Sherman's rehabilitation may be commendable, sentencing departures based on mitigating circumstances are usually based on criminal conduct that is "spontaneous and seemingly thoughtless." United States v. Garlich, 951 F.2d 161 (8th Cir. 1991). The district court properly considered Sherman's motion and determined that based on his criminal history, the offense was not a single act of aberrant behavior. Since it is clear that the district court was aware of its authority to depart downward from the guidelines, we find this issue unreviewable on appeal.

The third issue appealed by Sherman is whether his sentence was illegal based on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). In Apprendi, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 2362-63. Because Sherman did not present this issue to the district court, we review for plain error. See United States v. Brown, 203 F.3d 557, 558 (8th Cir. 2000).

Sherman argues that his sentence was imposed under 21 U.S.C. § 841(b)(1)(A) based on the quantity of methamphetamine he possessed, but that the quantity was never proven beyond a reasonable doubt by a jury, thus making his sentence illegal.

We acknowledge that the amount of methamphetamine possessed by Sherman was not proven beyond a reasonable doubt. Nevertheless, we have held sentences "within the statutory range authorized by [21 U.S.C.] § 841(b)(1)(C) without reference to drug quantity are permissible under Apprendi . . . even where the drug quantity[] was not charged in the indictment or found by the jury to have been proved beyond a reasonable doubt." United States v. Aguayo-Delgado, 220 F.3d 926, 934 (8th Cir. 2000). Although Sherman was sentenced under § 841(b)(1)(A), his sentence did not exceed the maximum sentence authorized under § 841(b)(1)(C), the penalty provision for the "offense simpliciter." Accordingly, we find no error.

In sum, we find no error with respect to Sherman's sentencing and accordingly affirm.

JUDGMENT AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-