# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1672

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Eric T. Holmes, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 16, 2001

Filed: March 22, 2002

_____

Before HANSEN,[1] Chief Judge, McMILLIAN, and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

After Eric T. Holmes admitted that he violated a condition of his supervised release by consuming amphetamine or methamphetamine, the district court[2] revoked his supervised release and sentenced him to twenty-four months' imprisonment. Holmes appeals, contending that, in light of considerations set forth in 18 U.S.C. §

_____

[1]The Honorable David R. Hansen became Chief Judge of the United States Court of Appeals for the Eighth Circuit on February 1, 2002.

[2]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

3553(a) and in policy statements found within chapter 7 of the United States Sentencing Guidelines Manual, the court imposed an excessive sentence and thereby abused its discretion.  We affirm.

In determining a sentence, the court must consider various factors[3] specific to

_____

[3]The considerations include:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed–
   (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B)  to afford adequate deterrence to criminal conduct;
   (C)  to protect the public from further crimes of the defendant; and
   (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

. . . .

(4)  the kinds of sentence and the sentencing range established for–

. . . .

   (B)  in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5)  any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced[.]

18 U.S.C. § 3553(a).

the defendant and the offense, including pertinent Sentencing Guidelines policy statements (policy statements). 18 U.S.C. § 3553(a). The sentencing court "shall impose a sentence sufficient, but not greater than necessary, to comply with" the sentence's purposes, which are set forth in section 3553(a)(2). Id. Although the court must recognize "that imprisonment is not an appropriate means of promoting correction and rehabilitation," the sentence purposes that the court must consider include promoting "*respect for the law*" and providing the defendant "with needed educational or vocational training, *medical care*, or *other correctional treatment* in the most effective manner." Compare 18 U.S.C. § 3582(a) with § 3553(a)(2) (emphasis added).

Although a sentencing court is required to consider the policy statements, United States v. Hensley, 36 F.3d 39, 42 (8th Cir. 1994); United States v. Jones, 973 F.2d 605, 608 (8th Cir. 1992), it is entirely free to impose a revocation sentence outside of the policy statement's suggested range when, "in its considered discretion," such a sentence is warranted, United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995). Accord United States v. Hill, 48 F.3d 228, 231 (7th Cir. 1995) (indicating that although it would be an abuse of discretion to ignore the policy statements, "they do not replace [a court's] discretion by a rule"). "[T]his circuit has consistently held that the policy statements in Chapter 7 of the Guidelines regarding supervised release violations are advisory to, rather than binding on, the district court." United States v. Brown, 203 F.3d 557, 558 (8th Cir. 2000).

The court's sentencing is ultimately governed by statute rather than the policy statements. United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995). Absent an abuse of discretion, we will not disturb a sentence imposed within the bounds of 18 U.S.C. § 3583(e), the statutory provision detailing parameters for modification or revocation of supervised release. Grimes, 54 F.3d at 492.

We conclude that the district court did not abuse its discretion by sentencing Holmes to twenty-four months' imprisonment for violating his supervised release. Although the applicable policy statement suggests a term of imprisonment in the range of six to twelve months, U.S. Sentencing Guidelines Manual § 7B.1.4(a) (2001), his sentence was within the maximum *statutory* term and the court's considerations were appropriate, thus satisfying the dictates of sections 3583(e)(3), 3582, and 3553(a). E.g., Hensley, 36 F.3d at 42.

At the revocation hearing, before accepting Holmes' admission, the court discussed the policy statement's recommended sentencing range and explained the distinction between that sentencing scheme and the statutory sentencing scheme. The court also heard reports of Holmes testing positive for methamphetamine, his failure to attend drug treatment programs and group meetings, and his failure to complete community service. The court discussed its concerns about Holmes' addiction to methamphetamine and its belief that he could benefit from intensive drug treatment. Upon revoking his supervised release, the court indicated that it was imposing the prison term to reflect the seriousness of the violation. The court recommended "in the strongest possible terms" that Holmes be enrolled in the comprehensive 500-hour drug treatment program that is offered by the Bureau of Prisons. The government had previously indicated that a lesser term would not allow him to be placed in that program. The court also expressed its concern that Holmes "lacks the ability to deal with his addiction," and that if he were merely placed in "a residential situation even for three or four months that he's destined to fail, not because he's not trying but because this is a horrible, horrible thing to try to overcome." Finally, the court articulated its sincere hope that the twenty-four-month period of incarceration would act as an impetus for Holmes to overcome his addiction in that he might mature and internalize the cost of his addiction during that time.

The district court's discussions demonstrate that it considered the relevant statutory factors, and that the sentence imposed was based on "a carefully considered

exercise of discretion." Brown, 203 F.3d at 558. The court explicitly considered pertinent factors listed in the statute, including the policy statement's suggested sentence range. Jones, 973 F.2d at 608. Also, given the nature of Holmes' violation and reports of his failure to attend treatment programs and group meetings as required by the terms of his supervised release, together with the court's recommendation that he participate in the 500-hour drug treatment program, the court acted with appropriate consideration and did not violate section 3582's mandate to recognize that imprisonment is inappropriate to promote correction and rehabilitation.

Accordingly, we affirm the sentence imposed by the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.