# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3333
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Eugene Bussey, also known as Doc, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 16, 2002

Filed: April 22, 2002
_____

Before BOWMAN, RILEY, and MELLOY, Circuit Judges.
_____

PER CURIAM.

Eugene Bussey appeals the twenty-month sentence imposed by the District Court[1] after Bussey admitted to violations of the terms of his supervised release. We affirm.

At his revocation hearing, Bussey admitted to using cocaine numerous times during the year and four months that he was under supervised release. Despite

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

participation in drug counseling and completion of a thirty-day residential inpatient treatment program, Bussey continued to violate the terms of his release by using cocaine. Although the recommended guideline sentence applicable to Bussey's revocation was only four to ten months, the District Court departed upward to twenty months. The court deemed the longer sentence necessary both to punish and deter Bussey's conduct and to afford Bussey the opportunity to participate in a Bureau of Prisons drug treatment program. Bussey argues that the court abused its discretion by imposing the longer sentence because the reasons given by the court for the sentence are inconsistent and contradictory.

Because the revocation guideline ranges are advisory only, see United States v. Brown, 203 F.3d 557, 558 (8th Cir. 2000), a district court's decision to impose a revocation sentence outside the recommended range is sound so long as the court considers the appropriate statutory factors, see 18 U.S.C. §§ 3553(a), 3583(e) (1994), and does not exceed the statutory maximum revocation sentence, see id. § 3583(e)(3). The District Court considered the appropriate factors, and did not exceed the maximum sentence. The court did not, therefore, abuse its discretion. We affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.