# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1438

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Salim Ahmad Salti, also known | * | |
| as Saleem Salti, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: August 30, 2002

Filed: September 5, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

After Salim Ahmad Salti pleaded guilty to two counts of knowingly trafficking in counterfeit labels affixed to copyrighted materials, the district court imposed concurrent twelve-month-and-one-day terms of imprisonment for each count, three years of supervised release, and $12,755.98 in restitution. Salti appeals, and we affirm.

Salti first argues the district court shifted to him the burden of proving the number and value of the counterfeit cassette tapes, for purposes of establishing the

amount of loss attributable to his offense at sentencing, by requiring him to produce his evidence first. Salti did not raise this argument below, and no plain error occurred. See United States v. Brown, 203 F.3d 557, 558 (8th Cir. 2000) (per curiam). The court did not misstate the government's burden of proof, and the court's procedure yielded the evidence the court needed to resolve Salti's objections to the amount of loss.

Salti also argues the government did not meet its burden of proof in establishing the amount of loss under U.S.S.C. § 2F.1(b)(1)(I) (1998) (requiring 8-level enhancement where loss exceeded $200,000). This argument also fails. Based on sentencing testimony about the number and source of counterfeit tapes, and their market value, the district court's finding that the amount of loss exceeded the $200,000 threshold for an 8-level enhancement was not clearly erroneous. See U.S.S.G. § 2F1.1, comment. (n.9) (1998) (loss need not be determined with precision and need only be reasonable estimate); United States v. Coon, 187 F.3d 888, 899 (8th Cir. 1999) (standard of review), cert. denied, 529 U.S. 1017 (2000); United States v. Hernandez, 952 F.2d 1110, 1118-19 (9th Cir. 1991) (market value of counterfeited tapes is reasonable value to use in copyright case), cert. denied, 506 U.S. 920 (1992).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-