# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1659

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Marlon D. Bell, also known as | * | |
| Marlon Bell, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 13, 2002

Filed: September 19, 2002

_____

Before BYE, BEAM, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Marlon D. Bell appeals from the revocation of his supervised release and 36-month prison sentence entered in the district court[1] following his arrest for aggravated assault in Kansas City, Missouri, on November 9, 2001. Bell argues that the court abused its discretion by departing upward from the recommended 6-12 month sentencing range in U.S.S.G. § 7B1.4(a), and by failing to consider his claim of self-defense.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

We find no abuse of discretion. We have consistently held that "the policy statements in Chapter 7 of the Guidelines regarding supervised release violations are advisory to, rather than binding on, the district court." United States v. Brown, 203 F.3d 557, 558 (8th Cir. 2000). And although a sentencing court is required to consider the guidelines, "it is entirely free to impose a revocation sentence outside of the policy statement's suggested range when, 'in its considered discretion,' such a sentence is warranted." United States v. Holmes, 283 F.3d 966, 968 (8th Cir. 2002) (quoting United States v. Carr, 66 F.3d 981, 984 (8th Cir. 1995)). Ultimately, sentencing is governed by statute and, absent an abuse of discretion, "we will not disturb a sentence imposed within the bounds of 18 U.S.C. § 3583(e), the statutory provision detailing parameters for modification or revocation of supervised release." Id. (citing United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995)). Pursuant to that provision, the district court properly considered the seriousness of Bell's offense,[2] revoked the three-year supervised release based on a preponderance of evidence that he had violated its terms, and sentenced him "to serve in prison all or part of the term of supervised release." 18 U.S.C. § 3583(e)(3).

We likewise reject Bell's self-defense argument. When the district court is the finder of fact, we must uphold its findings unless they are clearly erroneous. United States v. R.E.J., 29 F.3d 375, 375 (8th Cir. 1994). In order to prevail on a self-defense claim, a defendant must produce enough evidence to convince the fact finder that "he used that amount of force that he reasonably believed was necessary to protect himself" from the attack. United States v. Davis, 237 F.3d 942, 945 (8th Cir. 2001). The evidence presented by Bell at the sentencing hearing was insufficient to satisfy this burden. Accordingly, we affirm the order of the district court.

---

[2]The court found, and the evidence showed, that Bell stabbed at least one nightclub bouncer with a steak-knife blade and bit another person in the back before declaring, "I killed you. I am HIV positive." (Sen. Tr. at 27).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.