# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3930

_____

United States of America,

        Appellee,

v.

Sebastian Rodriguez-Favela,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
District of Minnesota.

[PUBLISHED]

_____

Submitted: May 13, 2003
Filed: July 30, 2003

_____

Before MORRIS SHEPPARD ARNOLD, HANSEN, and SMITH, Circuit Judges.

_____

HANSEN, Circuit Judge.

In October 1999, Sebastian Rodriguez-Favela pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). He was sentenced to 20 months of imprisonment and 3 years of supervised release. One of the special conditions of his supervised release provided that Rodriguez would comply with the rules and regulations of the Immigration and Naturalization Service (INS), would not reenter the United States illegally, and would report to the nearest U.S. Probation Office within 72 hours of any reentry.

In 2001, an undercover Minneapolis police officer arrested Rodriguez after Rodriguez had sold him 1.5 grams of marijuana. During a subsequent interview with an INS agent, Rodriguez admitted that he was in the country illegally. He subsequently pleaded guilty to illegal reentry after deportation thereby admitting that he had also violated the special condition of his supervised released that provided that he would not illegally reenter the United States. During sentencing, the government moved for an upward departure on the new illegal reentry conviction. In a combined sentencing and supervised release revocation hearing, the district court[1] denied the motion and sentenced Rodriguez to consecutive sentences of 30 months of imprisonment and 3 years of supervised release for the new illegal reentry conviction and 24 months of imprisonment for the supervised release violation. Rodriguez appeals only the supervised release revocation sentence.

On appeal, Rodriguez argues that the government's motion for an upward departure for the illegal reentry conviction deprived him of his due process rights on the ground that he had no notice that the government would seek a greater punishment than that set forth in the plea agreement. This argument has absolutely no merit and is totally devoid of evidentiary support. The record is totally to the contrary. The government courtesy-copied a letter dated October 9, 2002, to Rodriguez's attorney notifying her that the government might seek an upward departure. (Appellee's App. at A5.) It filed a formal position paper with the court 12 days before the hearing seeking the upward departure. (Id. at B10.) Moreover, the district court denied the government's upward departure motion and sentenced Rodriguez within the statutory maximum and within the sentence contemplated in the plea agreement. Accordingly, we conclude that even absent notice, Rodriguez has suffered no cognizable injury.

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Rodriguez also argues that the government's motion for an upward departure violated his due process rights because the motion influenced the district court to increase the revocation sentence. We find this argument equally meritless. First, Rodriguez has adduced no evidence to support his claim. Second, he concedes, as he must, that the government did not violate the plea agreement in requesting an upward departure because there was no agreement regarding departures. In addition, Rodriguez agreed that he could "be sentenced to a consecutive term" for violating his supervised release. (Add. at B7.) Thus, other than his assertion that he feels that the government cheated him, Rodriguez has not stated any injury. Nor could he. The 24-month revocation sentence was within the relevant statutory limitation, see 18 U.S.C. § 3583(e) (2000), and also was within the nonbinding, purely advisory, policy recommendation contained in Chapter 7 of the Sentencing Guidelines, see U.S. Sentencing Guidelines Manual § 7B1.4 (2002) (providing imprisonment range of 21-27 months). Absent an abuse of discretion, we will not vacate a revocation sentence that falls within the maximum limitation stated in § 3583. See United States v. Holmes, 283 F.3d 966, 968 (8th Cir. 2002). We find not a hint of abuse of discretion here. Cf. id. (affirming 24-month sentence of district court that fell within statutory maximum but exceeded the Guidelines' recommended sentence).

Accordingly, the sentence of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

3