# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3579

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa |
| Matthew Sanders, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  May 7, 2004

Filed:  May 18, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Matthew Sanders appeals from the final judgment entered in the District Court[1] for the Northern District of Iowa upon revocation of his supervised release. The district court sentenced Sanders to 12 months imprisonment followed by continuation of his supervised release until its original expiration date. For reversal, Sanders argues that the district court abused its discretion in revoking his supervised release and sentencing him to 12 months imprisonment. For the reasons discussed below, we affirm the judgment of the district court.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

In June 2002, Sanders pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a), and was sentenced to 18 months imprisonment and 3 years supervised release. Sanders commenced supervised release in January 2003. In September 2003, the government petitioned for revocation based on Sanders's problematic behavior at community-treatment facilities, unauthorized travel out of the judicial district, marijuana use, multiple failures to report for drug testing and to provide timely monthly reports to his parole officer, and attempt to buy gas by writing a check without having sufficient funds to cover the purchase--all of which Sanders admitted.

We reject Sanders's arguments on appeal. The revocation of supervised release was not an abuse of discretion, because Sanders admitted that he had used marijuana and had failed to report for drug testing. See 18 U.S.C. § 3583(e)(3), (g); United States v. Shaw, 180 F.3d 920, 923 (8th Cir. 1999) (per curiam) (standard of review). The length of Sanders's sentence was also not an abuse of discretion, because although the 12-month prison term exceeded the Guidelines recommendation under U.S.S.G. § 7B1.4(a), the policy statements in Chapter 7 of the Guidelines are not binding on the district court. See United States v. Holmes, 283 F.3d 966, 968 (8th Cir. 2002); United States v. Brown, 203 F.3d 557, 558 (8th Cir. 2000) (per curiam). Furthermore, his sentence does not exceed the 2-year statutory maximum revocation prison term for Class C felonies under § 3583(e)(3), see 18 U.S.C. §§ 2113(a) (20-year maximum for bank robbery), 3559(a)(3); and the court both considered the § 3553(a) factors and explained its sentencing decision, see 18 U.S.C. § 3583(e)(3).

Accordingly, we affirm. We also deny Sanders's motion for new counsel, and note any claim of ineffective assistance of counsel that Sanders intended to raise is not properly before us. See United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995). Finally, we grant counsel's motion to withdraw.

_____