# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-2848

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| Will H. Hawkins, | * | District of Missouri. |
| | * | |
| Appellant. | * | |

_____

Submitted: April 16, 2004
Filed: July 15, 2004

_____

Before MORRIS SHEPPARD ARNOLD, MAGILL, and MURPHY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Will Hawkins appeals from the sentence that the district court[1] imposed on him for violating the conditions of his supervised release. We affirm.

After pleading guilty to being a felon in possession of a firearm, Mr. Hawkins was sentenced to 30 months in prison and 3 years of supervised release. When he completed the term of his incarceration, Mr. Hawkins began his supervised release. Because he later violated the terms of his release, the district court modified its terms

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

to include 3 months of immediate house arrest. A mere two weeks later, Mr. Hawkins violated the conditions of his house arrest by removing his electronic monitoring bracelet and leaving his residence; he was caught speeding in his automobile shortly thereafter.

The district court held a revocation hearing at which Mr. Hawkins stipulated that he violated the terms of his supervised release, and the court sentenced Mr. Hawkins to 24 months of imprisonment, the statutory maximum, even though the recommended range, according to United States Sentencing Guidelines Manual § 7B1.4(a) (policy statement), was 5 to 11 months. Mr. Hawkins argues that the district court erred in sentencing him to 24 months in prison.

As a preliminary matter, we note that by their own terms the policy statements in chapter 7 of the sentencing guidelines are merely advisory. *See* U.S.S.G. ch. 7, pt. A(3)(a); *see also United States v. Holmes*, 283 F.3d 966, 968 (8th Cir. 2002); *United States v. Brown*, 198 F.3d 713, 714 (8th Cir. 1999) (per curiam). Nevertheless, district courts must take these policy statements into consideration when sentencing a defendant whose supervised release has been revoked. *See United States v. Hensley*, 36 F.3d 39, 42 (8th Cir. 1994). Under 18 U.S.C. § 3583(e), the district court must also consider virtually all of the matters set forth in 18 U.S.C. § 3553(a), the list of "[f]actors to be considered in imposing a sentence," *id. See, e.g.*, *Hensley*, 36 F.3d at 42; *cf. United States v. Tschebaum*, 306 F.3d 540, 545 (8th Cir. 2002); U.S.S.G. ch. 7, pt. B, introductory comment.

Mr. Hawkins argues that the district judge did not properly consider chapter 7 and § 3553(a) in passing sentence. We have said that "[w]e know of no authority that requires a court mechanically to list every consideration of § 3553(a) when it sentences a defendant." *United States v. Adams*, 104 F.3d 1028, 1031 (8th Cir. 1997). If a sentencing judge adverts to some of the considerations contained in § 3553(a),

we have been satisfied "that the [sentencing] court ... was aware of the entire contents of the relevant statute." *Id.*

In *United States v. Brown*, 203 F.3d 557 (8th Cir. 2000) (per curiam), with which the present case is more or less on all fours, we held that the district court's decision to impose a 24 month sentence, despite the fact that the range recommended by chapter 7 was 7 to 13 months, was not error. We deemed sufficient, moreover, its specific mention of just a few of the matters listed in § 3553(a):

> At the revocation hearing, the court discussed the seriousness of [the defendant's] criminal history and the frequency of his violations of supervised release. The court also inquired of [the defendant] whether he would be helped by additional treatment, and [he] responded that he had already been through the intensive substance abuse program offered by the Bureau of Prisons and did not need further treatment. These discussions demonstrate the court's consideration of the relevant statutory factors, and show that the sentence imposed was a carefully considered exercise of discretion.

*Brown*, 203 F.3d at 558.

In the instant case, the district court was explicitly advised by defense counsel of both the statutory maximum of 24 months and chapter 7's recommended range of 5 to 11 months. In addition, the court had before it a worksheet from the probation officer that made several references to chapter 7. We are therefore satisfied that the court was aware of the provisions of chapter 7 and gave them ample consideration.

As far as the relevant considerations in § 3553(a) are concerned, we note that the court discovered, in questioning Mr. Hawkins, that he had used drugs in the past. The court also questioned Mr. Hawkins about his job skills, and determined that he did not have a skill with which to earn a living. The court asked whether Mr. Hawkins had attempted to learn a skill during his previous incarceration, and

Mr. Hawkins replied that he had not had enough time, noting that "[y]ou got to have at least two years left on your time to do that." The court replied, "[I]f I give you 24 months, you'd have time to do that ... [U]nless you can get a job and earn a decent living, you'll be back ... in the penitentiary." Given that § 3553(a) calls for considering the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment," 18 U.S.C. § 3553(a)(2)(D), "[t]hese discussions demonstrate the court's consideration of the relevant statutory factors," and provide evidence that the sentence imposed was a carefully considered exercise of discretion." *Brown*, 203 F.3d at 558.

The court also had before it a memorandum that detailed not only Mr. Hawkins's unauthorized absence from his home, but also the prior violations that resulted in his house arrest. These prior violations included "failure to complete a halfway house program, failure to work, use of a controlled substance, failure to answer truthfully all inquiries by the probation officer, and failure to notify the probation officer 10 days prior to any change in residence." This series of violations provided the court with information on the "history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1).

Having examined the record with care, we think it plain that the district court did not err in sentencing Mr. Hawkins. The district court is free to impose a sentence outside the range suggested by chapter 7 "when, in its considered discretion, such a departure is warranted," *United States v. Carr*, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam).

Accordingly, we affirm the judgment of the district court.

_____