# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2331

_____

United States of America,                    *
                                             *
                    Appellee,                *      Appeal from the United States
                                             *      District Court for the Western
        v.                                   *      District of Missouri.
                                             *
Angela J. Tilford,                           *          [UNPUBLISHED]
                                             *
                    Appellant.               *

_____

Submitted:  November 15, 2004
    Filed:  November 23, 2004

_____

Before WOLLMAN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Angela J. Tilford violated several terms of her supervised release. The district court[*] revoked Tilford's supervised release and sentenced her to twenty-four months in prison, the maximum allowed under 18 U.S.C. § 3583(e)(3), even though the policy statement in U.S.S.G. § 7B1.4(a) advised a sentence of eight to fourteen months. Tilford appeals arguing the district abused its discretion in exceeding the recommended Guidelines range.

_____

[*]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

The policy statements in chapter 7 of the Sentencing Gudelines are merely advisory, but district courts must consider the policy statements when sentencing a defendant whose supervised release has been revoked. United States v. Hawkins, 375 F.3d 750, 751-52 (8th Cir. 2004). Under 18 U.S.C. § 3583(e), the court must also consider the sentencing factors listed in 18 U.S.C. § 3553(a). Id. at 752. The court need not refer to every factor, however. Id. When a court mentions some of the considerations in § 3553(a), we deem the court knew of the statute's entire contents. Id. The district court may impose a sentence exceeding the range suggested by chapter 7 "'when, in its considered discretion, such a departure is warranted.'" Id. at 753 (quoting United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam)).

The district court reviewed Tilford's criminal history and found she had committed several crimes while on supervised release. Tilford admitted she had violated several other terms of release. The court stated it had considered the policy statements in chapter 7 and deemed the advised sentencing range inadequate to promote Tilford's respect for the law, to deter her from criminal conduct, and to protect the public from her commission of further crimes, some of the sentencing factors found in 18 U.S.C. § 3553(a). The district court determined a twenty-four month sentence would vindicate these interests.

Under these circumstances, we cannot say the district court abused its discretion in sentencing Tilford. We thus affirm Tilford's sentence.

_____