# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2275

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of South Dakota. |
| | * | |
| Ronald R. Haukaas, III, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 10, 2005
Filed: January 18, 2005

_____

Before WOLLMAN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

After Ronald R. Haukaas III admitted he violated his supervised release, the district court* revoked his release and sentenced him to twenty-four months in prison followed by no supervised release, the maximum allowed under 18 U.S.C. § 3583(e)(3), but more than the advised sentence of four to ten months in U.S.S.G. § 7B1.4(a)'s policy statement. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting the district court

_____

*The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

abused its discretion in exceeding the recommended Guidelines range. Haukaas has not filed a pro se supplemental brief.

Although the policy statements in chapter 7 of the Guidelines are merely advisory, district courts must consider them when sentencing a defendant whose supervised release has been revoked. United States v. Hawkins, 375 F.3d 750, 751-52 (8th Cir. 2004). According to 18 U.S.C. § 3583(e), the court must also consider sentencing factors listed in 18 U.S.C. § 3553(a). Id. at 752. The district court may impose a sentence exceeding the range advised by chapter 7 "'when, in its considered discretion, such a departure is warranted.'" Id. at 753 (quoting United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam)).

Here, the district court acknowledged the advised Guidelines range of four to ten months and correctly observed the advised range was not binding on the court. After stating it had considered all the factors set out in 18 U.S.C. §§ 3553 and 3583, the district court found Haukass was not a suitable person for continued supervision. The district court noted Haukaas's denial of a substance abuse problem, minimal progress in treatment programs, and the probation office's view that Haukaas was so negative and lacking in acceptance of responsibility that it did not want to spend any more effort supervising him. Under the circumstances, we conclude the sentence imposed was a carefully considered exercise of the district court's discretion. Hawkins, 375 F.3d at 753.

We have reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), and found no nonfrivolous issues. We thus affirm, and grant counsel's motion to withdraw.

_____