# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1901

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Darrell Humphrey, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 10, 2005
Filed: January 19, 2005

_____

Before WOLLMAN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

During his supervised release, Darrell Humphrey entered but failed to complete a short-term residential chemical dependency program. Humphrey used cocaine, which violated the terms of his supervised release. The district court[*] revoked Humphrey's supervised release and ordered Humphrey to enter and participate in a community confinement program with work release for a period of 120 days or until discharged by the United States Probation Office (USPO). Humphrey did not complete the program and he was not discharged by the USPO. Humphrey later

_____

[*]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

appeared before the district court and admitted his inability to control his addiction. Humphrey also said he had been in and out of eleven different penitentiaries over the past eighteen years, and prison was the only way he knew to "get clean." The district court sentenced Humphrey to twenty-four months in prison with no following supervised release. The court recommended that Humphrey be allowed to participate in a chemical dependency program in prison. Although the twenty-four month sentence is permitted by 18 U.S.C. § 3583(e), the sentence exceeds the four to ten month sentence recommended in U.S.S.G. § 7B1.4(a)'s policy statement. On appeal, Humphrey contends the sentence is excessive and the district court had no reason to impose a sentence greater than the sentence advised by the Guidelines.

The policy statements in chapter 7 of the Sentencing Guidelines are merely advisory, but district courts must consider them when sentencing a defendant whose supervised release has been revoked. United States v. Hawkins, 375 F.3d 750, 751-52 (8th Cir. 2004). Under 18 U.S.C. § 3583(e), the court must also consider sentencing factors listed in 18 U.S.C. § 3553(a). Id. at 752. The district court may impose a sentence exceeding the range advised by chapter 7 of the Guidelines "'when, in its considered discretion, such a departure is warranted.'" Id. at 753 (quoting United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam)).

Here, the district court initially gave Humphrey a chance for drug rehabilitation outside the prison environment, but Humphrey failed to complete the substance abuse program. At sentencing, the court stated it had considered the factors in § 3553 and the presentence report, which set forth the recommended Guidelines sentence. The court noted Humphrey's multiple violations and multiple failed opportunities to engage in rehabilitation programs. Under these circumstances, the twenty-four month sentence was a carefully considered exercise of the district court's discretion. We thus affirm Humphrey's sentence.

_____