# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2988

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Nebraska. |
| Robert E. Sorenson, | * [UNPUBLISHED] |
| | * |
| Appellant. | * |

_____

Submitted: April 11, 2005
Filed: May 11, 2005

_____

Before WOLLMAN, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Robert E. Sorenson pled guilty to conspiracy to distribute in excess of one gram of L.S.D. in violation of 21 U.S.C. §§ 846 and 841(a)(1) and use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c), both class C felonies. He was sentenced to 120 months' imprisonment and four years of supervised release. Sorenson violated the terms of his supervised release and was sentenced to 24 months' imprisonment with no additional supervised release. He appeals from the 24-month sentence, arguing that the district court[1] abused its

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

discretion by giving him an excessively long sentence and that it erred in not considering the sentencing factors listed in 18 U.S.C. § 3553(a) and the policy statements found in the United States Sentencing Guidelines Manual (U.S.S.G.) § 7B1.4. He also argues that the district court erred in recommending against giving him credit for time served. We affirm.[2]

Sorenson's term of supervised release was marked by his noncompliance with its conditions. The first time he violated those conditions, the district court modified the terms and conditions, but did not revoke his release. When Sorenson again violated the terms of release, testing positive for methamphetamine use on five occasions and failing to appear for six scheduled drug tests, the district court reserved ruling on revocation in order to allow Sorenson another opportunity to enter a drug treatment program. Instead, it ordered that if Sorenson successfully completed an approved drug treatment program and remained free from drugs for the six months following treatment, he could resume his existing term of supervised release. Sorenson completed treatment, but was discharged from the aftercare program after he admitted to again using methamphetamine. After Sorenson failed to appear at a revocation hearing, the district court issued a bench warrant for his arrest. After a hearing, the district court revoked Sorenson's supervised release and, as indicated above, sentenced him to 24 months' imprisonment, along with a recommendation that he participate in a 500-hour alcohol and drug treatment program.

The length of a term of imprisonment upon revocation of supervised release is ultimately governed by statute. United States v. Holmes, 283 F.3d 966, 968 (8th Cir. 2002). In this case, because the underlying offenses were class C felonies, the statute authorizes a prison term of up to two years when supervised release is revoked. 18 U.S.C. § 3583(e)(3). In reviewing such a sentence, we look to see whether there is evidence that the district court considered the factors in 18 U.S.C. § 3553(a). United

---

[2]We deny Sorenson's motion to strike references in Appellee's brief.

States v. Jasper, 338 F.3d 865, 867 (8th Cir. 2003). Although the district court must consider the relevant factors, it is not required to mechanically list all the factors and may merely advert to some of the relevant considerations. See United States v. Hawkins, 375 F.3d 750, 752 (8th Cir. 2004). Although "imprisonment is not an appropriate means of promoting correction and rehabilitation," 18 U.S.C. § 3582(a), relevant purposes for imposing a particular sentence may include promoting respect for the law, providing necessary and effective correctional treatment, and affording deterrence. See 18 U.S.C. § 3553(a)(2); Holmes, 283 F.3d at 968.

One factor the court must consider is "the applicable . . . policy statements" in the Guidelines. 18 U.S.C. § 3553(a)(4)(B). Although U.S.S.G. § 7B1.4 suggests a sentencing range of 5-11 months for supervised release violations like Sorenson's (grade C violations), the district court is not bound by that recommendation. Chapter 7 of the Guidelines sets forth only non-binding policy statements and sentencing recommendations.[3] U.S.S.G. Ch. 7, Pt. A(3)(a). A sentence outside the recommended range is just that, a sentence, and not an upward departure, and does not necessitate detailed findings. See United States v. Shaw, 180 F.3d 920, 922 (8th Cir. 1999) (per curiam). A sentence that falls outside of the suggested Guidelines range but "within the bounds of 18 U.S.C. § 3583(e)" is permissible absent an abuse of discretion. Holmes, 283 F.3d at 968.

The district court did not abuse its discretion in imposing a 24-month sentence. Sorenson repeatedly failed to comply with the terms of his supervised release, was dishonest with the district court, and denied the seriousness of his drug use problem.

---

[3]This section in the Guidelines has always been advisory and remains unaltered by the Supreme Court's recent ruling in United States v. Booker, 125 S. Ct. 738 (2005). The Sentencing Commission intended to provide the district courts with greater flexibility in addressing violations of probation and supervised release than in sentencing generally. See U.S.S.G. Ch. 7, Pt. A(3)(a); United States v. White Face, 383 F.3d 733, 735 (8th Cir. 2004).

Although Sorenson attempted to make excuses for his failures, the district court was not required to credit his explanations or to reduce the sentence on that basis. See United States v. Hensley, 36 F.3d 39, 41 (8th Cir. 1994). Likewise, the district court did not abuse its discretion in concluding that imprisonment was necessary to punish Sorenson's noncompliance and to address his need for intensive drug treatment.

Finally, Sorenson argues that the district court improperly denied him credit for time served and improperly recommended that he not receive any reduction in his sentence for participating in the Bureau of Prisons' drug treatment program. D. Ct. Order of July 28, 2004. We conclude that the district court correctly stated that Sorenson would receive credit for time served since he was arrested, and that its recommendation to the Bureau of Prisons as to potential future credit was just that, a recommendation. The determination of whether credit should be given for time served "is properly left to the Bureau of Prisons" and is given only "after the defendant begins his sentence." United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004) (quotation omitted). If Sorenson fails to receive the appropriate credit, he may at that time pursue administrative remedies and thereafter seek relief by way of habeas review. Id.

The sentence is affirmed.

_____