# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3493

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| Shaun Stafford, also known as Shawn | * | [UNPUBLISHED] |
| Michael Phillip Stafford, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 9, 2005
Filed:  May 23, 2005

_____

Before BENTON, LAY, and FAGG, Circuit Judges.

_____

PER CURIAM.

After Shaun Stafford was convicted on several state charges, the Government moved to revoke his supervised release. Stafford admitted the violations and the district court sentenced Stafford to the statutory maximum of twenty-four months in prison without further supervision.

On appeal, Stafford contends the logic of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), should apply to the supervised release provisions of the Sentencing Reform Act and render his sentence unconstitutional. We disagree.  Stafford's revocation sentence is not affected by <u>Blakely</u> or the Court's more recent decision in

Booker v. Washington, 125 S. Ct. 738 (2005). United States v. Edwards, 400 F.3d 591, 592-93 (8th Cir. 2005) (per curiam). Even before the Court's decision in Booker, the Sentencing Guidelines associated with supervised release violations were considered advisory. Id. Further, the Supreme Court has not recognized a Sixth Amendment right to have a jury decide the facts relevant to the revocation of supervised release, see Morrissey v. Brewer, 408 U.S. 471, 480 (1972), and Stafford admitted the facts relevant to the revocation in this case.

Stafford next contends the district court committed error in making a determination on jail time credit, when that issue should have been reserved for the Bureau of Prisons. The district court recognized that state jail time credit is a Bureau of Prisons decision, however, and declined to order credit for time served in the state county jail.

Last, Stafford asserts the district court committed error in imposing the statutory maximum sentence of twenty-four months under 18 U.S.C. § 3583(e)(3), because the sentence exceeds the 5-11 month range recommended by chapter 7 of the Sentencing Guidelines. The district court has discretion to impose a sentence above the advisory range suggested by chapter 7 up to the statutory maximum. See United States v. Hawkins, 375 F.3d 750, 753 (8th Cir. 2004); United States v. Jasper, 338 F.3d 865, 868 (8th Cir. 2003). Under § 3583(e), the court must consider sentencing factors in § 3553(a), but the court need not mechanically list every factor, or make explicit, detailed findings when sentencing a defendant. Hawkins, 375 F.3d at 752; Jasper, 338 F.3d at 867-68. If a sentencing judge mentions some of the factors contained in § 3553(a), we assume the court knew of the statute's entire contents. Hawkins, 375 F.3d at 752. Statutory sentencing factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the need for the sentence to promote respect for the law, to deter criminal conduct, and to protect the public from further crimes by the

defendant, <u>id.</u> § (a)(2)(A)-(C), and in the case of supervised release violations, the sentencing range advised under chapter 7 of the guidelines, <u>id.</u> § (a)(4)(B) .

Before imposing sentence in this case, the district court heard the testimony of several witnesses about Stafford's conduct violating his supervised release. During the hearing, the court specified both the Guidelines range and statutory maximum, and confirmed that Stafford was aware of them. At the conclusion of the testimony, the court stated Stafford had been the biggest failure of the supervised release program that he had seen. The court noted Stafford had completely disregarded the court's orders and had not complied with supervised release in countless ways. The court observed that Stafford had been given every opportunity by several courts, by several organizations, and supervised release had not worked. Under the circumstances, the district court did not abuse its discretion in concluding a two-year sentence was necessary to punish Stafford's noncompliance with the terms of his supervised release. The court's statements make clear that the court considered the relevant statutory factors and show Stafford's sentence was a carefully considered exercise of discretion. <u>Hawkins</u>, 375 F.3d at 753.

We thus affirm the district court.

_____